IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| David Frasier, #165572, | ) | Civil Action No.: 4:12-1596-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Officer Frankie Littles, sued in his individual capacity; Lt. Brayboy, sued in his individual capacity, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter comes before the court on the Report and Recommendation of the Magistrate Judge recommending that the Court grant the motion of Defendants Lt. Brayboy and Officer Frankie Littles ("Defendants") for summary judgment. For the reasons forth below, the court grants Defendants' motion for summary judgment.

## BACKGROUND

*Pro Se* Plaintiff David Frasier ("Plaintiff"), an inmate at the Evans Correctional Institution in Bennettsville, South Carolina, filed this action against Defendants alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (ECF No. 1). More specifically, Plaintiff alleges that Defendants, who were officers at Evans Correctional Institution, interfered with and delayed his medical care by failing to provide him with an incident report so that he could report to the prison medical department.

remedies; (2) that Plaintiff had failed to assert a claim for deliberate indifference; (3) that they are entitled to qualified immunity from any monetary relief brought against them by Plaintiff in their individual capacities; and, (4) that Plaintiff cannot seek damages under 42 U.S.C. § 1983 against the state or state officials. (ECF No. 42). Plaintiff opposes Defendants' motion for summary judgment. (ECF No. 46).

On March 15, 2013, the Magistrate Judge issued the present Report and Recommendation (ECF No. 52) recommending that the Court grant Defendants' motion for summary judgment finding that the record creates no genuine issue of material fact to support Plaintiff's deliberate indifference claim and that Defendants are entitled to qualified immunity in their individual capacity. The Magistrate Judge further recommended that, to the extent Plaintiff sought a claim against Defendants in their official capacity, Defendants are entitled to Eleventh Amendment immunity from monetary damages and that any remaining state claims should be dismissed for want of jurisdiction. *Id.* The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. (ECF No. 52-1). Plaintiff filed timely objections on November 15, 2013. (ECF No. 54).

## LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber,* 423 U.S. 261 (1976). The

28 U.S.C. § 636(b).

## DISCUSSION

Plaintiff makes two specific objections to the Magistrate Judge's Report and Recommendation. (ECF No. 54). First, Plaintiff objects to the conclusion that defendant did not act with deliberate indifference to Plaintiff's medical needs. Second, Plaintiff objects to the Magistrate Judge's finding that qualified immunity shields Defendants from liability. Upon review, the court finds that Plaintiff's objections do not provide it with reason to reject the Magistrate Judge's Report and Recommendation.

### A. Deliberate Indifference to Medical Needs

Plaintiff asserts a cause of action against Defendants for deliberate indifference to his serious medical needs. "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain" prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). "Deliberate indifference by prison personnel to an inmate's serious illness or injury is actionable under 42 U.S.C. § 1983. . . ." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir.1990). A serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir.2008). "A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Abraham v. McDonald*, 493 F. App'x 465,

and denied him such. Further, the record indicates that, at most there was only a short delay in Plaintiff's being able to go to the medical department. Plaintiff clearly objects to the delay in his obtaining medical care.

However, there is no medical evidence in the record that any such delays resulted in any injury to Plaintiff. *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188–1189 (11th Cir.1994) (holding "[an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed"), *overruled* in part by *Hope v. Pelter*, 536 U.S. 730, 739 n. 9, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002). In this case, Plaintiff has failed to allege how any such delay in his treatment resulted in a detrimental effect or significant injury.

After reviewing the evidence in the light most favorable to the Plaintiff, the Court cannot find that Defendants' treatment of Plaintiff was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Estelle*, 429 U.S. at 105. Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988). A disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. Accordingly, the Court agrees with the Magistrate Judge that Plaintiff has not presented evidence that Defendants were deliberately and intentionally

qualified immunity protects government officials " 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) *(quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). Plaintiff objects to the Magistrate Judge's conclusion that Defendants are entitled to qualified immunity. Because Plaintiff fails to show that Defendants violated any clearly established rights, the court finds that Defendants are entitled to qualified immunity.[1]

## CONCLUSION

The court has reviewed the Magistrate Judge's Report and Recommendation, Plaintiff's objections, and the record and has conducted a *de novo* review of the issues raised in this case. The Court is satisfied that the Magistrate Judge has rightly determined that Plaintiff has no claim for relief under § 1983 in light of the applicable law. Based on the foregoing, the Court adopts the Report and Recommendation of the Magistrate Judge to the extent it is consistent with this Order. Plaintiff's objections are overruled. For the reasons set forth herein and in the Report and Recommendation, Defendants' motion for summary judgment is GRANTED and this action is DISMISSED.

IT IS SO ORDERED.

s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
November 25, 2013